Thank you, Your Honor, and may it please the Court. When Droplets explicitly incorporated the disclosure of the 838 patent, it achieved exactly what it would have done by reproducing that text verbatim. Incorporation is expressly authorized by controlling regulation, and its use is even approved for satisfying core elements of the Patent Act. Well, it's not expressly authorized for this purpose, is it? Well, it's expressly authorized generally for both essential material and— No, but I mean not expressly. There's no reference to this aspect of 120 in the regulations, right? That's true, but there's also nothing on the rules face that precludes the use of incorporation by reference for priority claims. Okay, but that's a different argument. That's not expressly authorized. Well, our point, Your Honor, is that it expressly authorizes incorporation by reference generally. It sets off a broad authority that parties can use incorporation by reference as a reliable drafting tool to satisfy the— If we disagree with you on that, you lose, don't you? Not necessarily, Your Honor, because this Court's case law also authorizes incorporation by reference and did so before the rule was promulgated in this case. But I hope you actually agree with me on our reading of the rule, and I think if you look at its— But I have a problem. I mean, even if we did agree with you on the reading of the rule, that it could arguably be read that way or even most reasonably be read that way. How does the rule trump the statutory provision that it said—that says it must be explicit, the reference? Well, Your Honor, just to be clear, it absolutely does not trump the statute. It's a way of satisfying the statute. And if you look at the text of Section 120, it says that the—it says that the application has to contain or be amended to contain a specific reference. That's exactly the same as the language if you look to Section 112 that says the specification shall contain a written description in such full, clear, concise, and exact terms. Everyone agrees that Section 112's requirements can be satisfied with incorporation by reference without trumping Section 112. I don't see any reason, then, that the same incorporation by reference technique couldn't satisfy the terms of 120. How do you deal with Encyclopædia Britannica? Encyclopædia Britannica simply says—and we don't take any issue with it—that you do have to actually provide a specific reference to each link in the chain in a, you know, particularized manner that identifies exactly the documents that are being incorporated. Our contention is not that Rule 1.57 avoids that requirement. It's simply a way to satisfy it. If you import text from another document that you've identified with particularity, that itself provides the full chain, and it has that specific reference. The problem with that is, though, on the face of the patent, you can't tell what's being claimed. I mean, you know, the purpose of the statutory reference is to require that it be on the face of the patent so that people don't have to go rooting around trying to figure out what the priority claim is, and if you put it on the face of the patent, as Encyclopædia Britannica and other cases seem to require, then it's apparent to people what the priority claim is. I mean, isn't that an interest that's served by the statute here? Sure, Your Honor, and it's also an interest in Section 112 to put on the face of the patent the written description to set forth the best mode to specifically conclude with claims, to describe even the structure for means plus function claiming. All those things also are served by putting it on the face of the patent, yet Rule 1.57, everyone agrees, can satisfy those requirements. I think it's materially indistinguishable to say that this also can satisfy 120. Section 120 does not say that it has to be written verbatim directly on the text. It simply says it has to contain a specific reference. This court in Telemac said that when you incorporate a document by reference, it's exactly tantamount to explicitly reproducing that exact text on the face of the patent. And again, the- Is there some problem with making reference to the claim priority on the face of the patent instead of doing it by incorporation? No, Your Honor, and to be clear, this was not the most artful way to draft a patent. We agree with that. I think, you know, hindsight is 20-20. I think that we would have done it differently seeing the way that this has played out. But this is a real property right, you know, backed by substantial investment and ingenuity. And the question is whether the regulated community reading the text of Rule 1.57, which on its face does not preclude the use of incorporation by reference for a priority, it's a broad authority. It stands as a broad authority to use incorporation by reference to satisfy even the key elements of Section 112. Let me ask you about Auer. You, in the blue brief, you argue that Auer deference is deeply flawed and no deference of any kind is truly appropriate in this context. Are you actually contending that we're not bound by Auer? No, Your Honor, but I think as some members of this court have pointed out, Auer is kind of in its last hour. And I think when it does reach the Supreme Court, I think that will be the end of that deference. But you don't need to decide that here because our contention is that the agency's position is actually incompatible with the text of the regulation. The way that regulations typically work and the way that, just like reading a statute, you... Let me ask you a fact question. Sure. In the green brief at 18, the government argues that Droplets, quote, had notice of the 115 priority claim well before the patent issued, but took no action to alter the priority date. So why shouldn't we rule that you're not entitled to claim priority to the 9-1-7 provisional on that fact alone? Well, I think a few reasons, Your Honor. First, that wasn't the basis that the board ruled. And of course, under just basic APA principles, you're bound by the stated reasons provided by the board. I think more importantly, not even the government in pointing that out suggests that there's any legal relevance to the... I think you're referring to the corrected filing receipt. The corrected filing receipt has absolutely no legal bearing whatsoever. It has no more bearing than the original filing receipt that actually stated the correct priority chain, just as the bib data sheet originally stated the correct priority chain. So the question is really, what is the legal effect of Rule 1.57? Well, it has to do with the fairness of applying a strict rule here. You had notice of the strict rule, and you chose not to abide by it. Well, no, Your Honor. And again, the corrected filing receipt, just to be clear, it did not say that priority is limited to the 8-3-8 patent. It simply said that this is claiming priority to a continuation of the 8-3-8 patent, which is actually consistent with saying then the 8-3-8 patent then claims priority to the 9-1-7 patent. So again, if droplets had recognized, if we recognized it when we saw it, we might have taken action at the time. But I don't think there's any rule in law or logic that says that if we had the right to incorporate this material by reference under Rule 1.57. Let me ask you this. In the blue brief, you quote the full text of 37 CFR 157C's definition of essential material. I don't see any reference to priority dates. That's true, Your Honor. You also don't see anything that precludes the use of priority. And let's look at the text and the structure of Rule 1.57, because I think that is actually the key. The plain text, if you start just... Well, you have to agree then that at least under 157C, it doesn't qualify. Oh, yes, Your Honor. Under C, it doesn't qualify. Priority is not one of the three enumerated examples of an essential material. The question is then, is it other material? And that's the way, if you look at the text and the structure... Other non-essential material. Well, it says non-essential is actually tucked in the middle of the sentence in a parenthetical. So if you read it most naturally, it simply says essential material can be incorporated by reference, focusing on very limited documents that you can use to make sure that there's absolutely no confusion. And then it gives broad authority to incorporate other material by reference. And as a slightly broader set of material, and it simply excludes the use of hyperlinks... But that's subject matter referred to for purposes of indicating the background of the invention or illustrating the state of the art, right? No, Your Honor. And actually, what Your Honor's reading is from the MPEP, which is not... That appears nowhere in the rule. It appears nowhere in the notice of final rulemaking, where the agency actually says something very different than that. And maybe that will help to look at that. The only place where the MPEP is referenced in the notice of final rulemaking is if you look at page 56-501 of the Federal Register, it references it in the first column. It says section 1.57C codifies the practice in the MPEP section 601.01P. If you go on to the second column and you see what section D does, it is something very different. It defines the scope of incorporation by reference practice for other than in parentheses non-essential subject matter. There's nothing in this that suggests that incorporation by reference is limited to the practice for completeness in the MPEP. So the question... If the incorporation by reference provision is sufficient to cover this, then why do you need the other regulation that defines how to make a specific identification? I think because they address two different topics, Your Honor. One is describing... I think that's the government's point. Well, no, no, no. I think it's a different point. The specific reference regulation describes the degree of particularity necessary to identify exactly what you're incorporating. You can't just wave your hand in the general direction of some prior application and say that's enough. You have to say it by serial number. You have to have the title, the date. That describes the degree of particularity. The incorporation by reference regulation describes how do you go about providing that material. And there are two ways you can do it. One, you can take your pen and you can write on the face of the application exactly with the specific reference. And we admit that is a better way to do this. The other alternative way to do it is you can point to a document that has that exact priority chain and you can incorporate it by reference using the root words under 1.57B. We incorporate this by reference, identifying exactly the document that's being incorporated. And if it provides that specific reference, then it satisfies Section 120 just as it satisfies Section 112. Do you refer to that as non-essential material being incorporated? Priority is non-essential material. That's right, Your Honor. That's an odd kind of way to describe the priority identification as being non-essential material. Because it is pretty essential if you want to get priority. Your Honor, what it does is it's pairing non-essential and essential material. So it defines essential material. I don't think you're addressing my point. Your Honor, if you were writing a regulation to promote incorporation of a priority information, it would be quite odd to refer to that as non-essential material, wouldn't it? Well, yes and no, Your Honor. Because again, you have to read it in the context of the regulation. I think the alternative reading actually is more odd, which says that anything that has legal effect presumably is essential in some sense. If you don't satisfy the requirement, then you lose. So there's no such... There really isn't any category. Essential and non-essential are all the same thing, and you can incorporate everything by reference. That's right, Your Honor. But you have to... You can reference different documents. That's the whole point of the regulation. It's specifying what documents can you incorporate for different things. Why did they go to all that trouble, then? They went to the trouble because they wanted to make sure that when you're satisfying Section 112, you're limited to the U.S. patents and U.S. patent applications. When you're satisfying any other provision of the Patent Act, and again, this gets back to your question, Judge Dyke, surely Subsection D isn't irrelevant. If Subsection D, other material, non-essential material, only refers to things that are absolutely irrelevant, it makes no difference whether you can incorporate them by reference or not. It has no effect. So surely Subsection D has some legal effect. It's dealing with some material that can be incorporated by reference that has some reason for doing that, where Subsection D is effectively referencing a null set. So our view is that Subsection D authorizes incorporation by reference for everything that isn't essential material, gives you a slightly broader category that you can use. And as long as the thing you've incorporated satisfies, with particularity, the specific reference requirement of Section 120, then it satisfies the Patent Act just as it can for Section 112. I seem to be getting to my rebuttal time. Okay. You can save it. Thank you. Thank you, Mr. Weinberg. Ms. Craven? May it please the Court, Section 120 and its implementing regulation 1.70 are clear. Priority claim requires a specific reference to each prior filed application by serial number and relationship, and this Court has strictly construed 120 to put the burden on  I found your argument very appealing. You know, begin with the statute. The regulation says essentially exactly what the statute says, end of inquiry. And I do like that, except for the fact that this 112 argument is a little troubling. 112 essentially reads almost identically to 120 in terms of how you have to identify it. But all of a sudden, 112 is dealt, treated differently. So what's your response to that? Well, the incorporation by reference regulation specifically allows 112 material as essential material that can be incorporated by reference. There's no other statutory requirement that then is listed. Non-essential material, I think, naturally is the complement of essential material. And it's been in the EP since the 60s to be state of the art, background of the inventions, things that complement, that are non-essential but complement essential material. And I think the scope of what can be non-essential material shows you that Droplet's argument is unreasonable, because you can incorporate non-essential material by reference to foreign patent applications, non-patent publications, and those publications themselves can incorporate the information for reference. So the idea of the incorporation by reference statute is to allow applicants to give additional information about the background of the invention. But it doesn't have legal effect. You don't need it in the application. But 120, a priority claim, is essential for you to claim priority. So what you're saying is that it's not that the statute is being interpreted differently, it's just that you're allowing this essential material for 112 purposes to be incorporated by reference. That's correct. And the purpose of that is then, specifications don't have to balloon. If you have information in a series of applications, that information can be incorporated by reference to meet the 112 disclosure. But it's limited to US patents and US patent application publications, because those we know that the public has access to. And that's essential for the 112, allowing people to be able to find that information. Here, for non-essential material, any publication that you incorporate by reference, the public would now have to search to make sure that somehow there's not a priority claim in that. Because under droplets reading of non-essential material, a priority claim in a non-patent publication that was incorporated by reference would affect B, the priority claim. There's nothing hard about including a clear chain of priority. What's your response to Droplets, DuPont, V. McDermott, Magic Words argument? Sorry, that the words are then? It says, it argues, everyone immediately understood the proper data priority such that the incorporation here readily satisfies 120's plain text and statutory support or purpose. And it cites DuPont versus McDermott, which says Magic Words are not required to claim priority. Well, I think the problem here is it's not so clear to the public reading the patent. On the face of the patent, because of the corrective priority claim receipt, you only see the 838 patent. And then when you go to the specification, the only specific reference in the specification is to the 838 patent. And so no one would necessarily know that there's other applications that they're claiming priority to. Droplets had notice for the corrective filing receipt. They also had notice when the 115 patent issued. On the face of the patent, the 838 patent was the limited priority claim. And they took no action. They could have filed a certificate of correction, a reissue application. But instead, they sat on their hands. And I think the burden should have been on them to correct it, as opposed to the public to try and figure out what priority date they wanted. If we do get into the weeds of analyzing what's essential material and what's non-essential material, as a matter of logic, my problem is that if you have an agency that says there's essential material and non-essential material, it seems that that would be 100% of the landscape. The notion that you can have essential material, non-essential material, and then some other material out there. Well, I think the thing is the whole purpose of the incorporation, by reference, is for disclosure of the invention. And so essential and non-essential material are the entire universe of disclosures of the invention. The agency didn't contemplate that the non-essential material would be this other statutory requirements that are not about disclosure of the invention. And at the same time, the agency promulgated 1.57, they also amended 1.78 to say you could have multiple sentences for your priority claim to make sure that chain, because we want that chain to be clear. And sometimes it's clearer in several sentences. So when the agency was promulgating these regulations, they really did think incorporation, by reference, the entire bucket of essential and non-essential material was disclosure of the invention. I see I'm out of time. I have one more question. I want to bring you back to the 1.12 argument. Is there a difference between the language of 1.12 and 1.20 in terms of the specificity requirement? What is the actual language of 1.12? The specification shall contain a written description of the invention in the manner and process of making it and using it. Which is not the same as the 1.20 language, which says it contains a specific reference to the earlier filed application. Right. 1.20. Yes. I'm sorry, I'm not sure. I think the point is, the question of whether we even have to get to the interpretation of the regulations, given the clarity of the statute and the specific references that's required by the statute, which seems to me to be a different form of language than appears in 1.12. I think that's correct. I mean, the 1.20 specifically lays out that the specification must be amended to contain this specific reference. So, it's the office's position that 1.20 is its own, that we can't redefine that statute. The agency has to follow that statute and has, through its regulation 1.78, to be very clear that that specific reference must be the serial number and the relationship of the applications. Okay. Thank you. Thank you. Mr. Geiser, you've got a little over two minutes. Oh, I'm sorry. Mr. Rosado first. Thank you. And may it please the Court, E-Trade is in agreement with the Director's argument here that the Board's decision on the priority issue should be affirmed. And we agree with the Director in the sense that the statute is very clear on this point. The corresponding regulation is very clear. And this Court's guidance is very clear. Your Honor, you had mentioned the Britannica case. I would also respectfully direct attention to the Medtronic case, which addressed this issue very much on point and explained that Section 120, as well as the corresponding regulation, very specifically requires that specific reference, and that entails an identification of the applications by serial number and by relationship. So this is something the Court's already addressed on this issue. And it's not necessarily a matter of deference to an agency. These are things that have been addressed and decided. On the rule question with regard to Section 1.57, I think there is, I would agree with what I think I'm hearing, and that is that Section 120, as well as the corresponding regulation 1.78, imposes a different requirement when it comes to a priority claim, right? Rule 1.57 may let you do certain things with respect to 112 support, but that doesn't change the fact that there's a statute and a corresponding regulation that imposes a different requirement when it comes to a priority claim, and that requirement is a specific reference. These are very clear requirements. They're very easy to follow. They've been in place for decades. And they serve an important purpose in allowing the public to inspect a patent and understand exactly what the priority claim is and what the corresponding term is. Those are two very important things for the public to be able to understand. Assuming we would agree with you on that, and I'm not saying we will, but assuming we were to, does that make your cross-appeal moot? Yes. Now, the problem, though, is does that make what we should do with your cross-appeal moot? In other words, is the question that the cross-appeal is moot, and so, therefore, we don't address it, or is it that the cross-appeal was inappropriate in the first instance and, therefore, should be stricken? Do you still think that question should be resolved? Well, we try to present it as a conditional cross-appeal. I mean, the issue is only reached in the instance that... Yeah, but we have plenty of authorities saying that you can't file a cross-appeal where you're trying to sustain the judgment rather than expand it. And that's the situation, isn't it? Understood, and that is an issue of... an open question in some ways. We do recognize the court's guidance in the district court context regarding whether to take the vehicle of a cross-appeal or an alternate basis. Why would it be any different in the board context? Well, because it's an agency situation. If there's a strict Chenery application, then there's a question of whether... I'm not aware in the agency context of any authority of greater appeal rights where you're just challenging the rejection of an alternative ground to reach the same result. I mean, do you have any authority that that should be different than the district court? I mean, other than the court's discussion of the Chenery doctrine application, I don't have any specific authority that states one way or the other whether it should take the vehicle... But Chenery says you can't address an issue which isn't resolved by the agency, but this issue was resolved by the agency, right? The issue of unpatentability, but there are also two different rationales that the agency advances. One is on the basis of this ground that involved the PCT application. Why isn't that just an alternative ground to affirm the agency's ultimate judgment? It very well may be, and we try to be candid in the briefing that... Is it your position that you think this dissatisfied with language in the AIA somehow broadens the scope of appeal rights? I wouldn't characterize it that way. It's more of a question of what's the appropriate vehicle if a party in our position that ultimately prevailed on the issue of unpatentability did so on one ground but not the other. Certainly we're satisfied with the ultimate outcome, but we disagree with one of the bases. But haven't we addressed... I mean, you say it's very clear what we've said in the district court context, but we have addressed this in the context of re-exams and other appeals from the board decisions, haven't we? I think so. Maybe we didn't see that as providing clear guidance on that point. I think that... Put it this way. If there had been no appeal here, main appeal hadn't been brought, you couldn't have filed an appeal from this decision, right? I think that's correct. I think there was a decision on that point in an IPR with a claim construction issue where the party that ultimately won didn't like some aspect, and they advanced that type of argument. So you can't appeal. Yes. If we reversed consent at that, could you raise those alternative grounds? And that's another one of the reasons why we advanced it this way. There is some direction from the board that in cases on remand that they don't want to consider issues that weren't raised by the party in front of the board. That says you have to raise the issue. There's nothing that the board has said about having to file a cross-appeal, right? We agree with that, Your Honor, yeah. And we've been candid. We were trying to be cautious here in the event that either the opposing party or even this court tells us, hey, it turns out this is not the appropriate way. And I think the parties are in agreement that there was an entire clarity, and this wasn't meant to be any type of inappropriate vehicle. It's just to be very clear what we're trying to do and that this wasn't a resolved question. And if there's any necessity of preserving rights, this was the approach taken. So I just wanted to make one other point on the priority issue, if it's helpful, and I'll leave open the discussion to questions, but one was on the notice issue. The board does actually discuss at 821 the corrected filing receipt issue, and I think this is a very important set of facts for this case. There is this issue of what the directors argued and what we agree with is a very clear statute and corresponding regulation and patent office guidance, to the extent that somehow not clear in this particular case. The patent owner was told multiple, multiple times in a very clear fashion that their priority claim only went one step back to the C838 patent, and if at any point they wished to correct that or they felt that was an error, they had multiple opportunities to do so over the course of years. There was a corrected filing receipt, a notice of allowance which identified this limited priority claim, the patent issued with a priority claim that actually is quite clear in column one, that it goes one step back to that C838 patent claim and that's it. So you're saying, contrary to what your friend on the other side said, that we could go off on an issue of fact on this determination? I think there's a very important issue of fact here, and this could have been addressed during the IPR even. There are multiple steps along the way where if there was some perceived error, some unintended priority claim here and something different was desired, there were multiple opportunities throughout the course of the proceedings to address that. So I don't have anything further on the priority issue unless there are specific questions on that. Okay. Anything else? So I guess I'll comment very briefly on the cross-appeal issue. Again, I don't think the court reaches this issue, but to the extent it does, we would ask that the court find that the board erred in its analysis of the Ferris reference as it applies to the claims, and for two reasons. One, there is a claim construction issue. But didn't you agree to that claim construction? We did, but that's a point of confusion. If you look at the board's decision at A32, they specifically note that this was an issue for application of the prior art and declined to provide an express claim construction. And I think what you're referring to is A53, where the board notes that the parties during the course of the litigation seemed to arrive at an agreed-upon construction of the term. And that term was, for this term instructions, was some indication of what to do and the corresponding data did not have to include executable. That was an agreeable definition between the parties. There are two problems with that. One is what that means for claim construction. We can't look at the decision and really be clear if the board applied that agreed-upon construction or something different. When you get to the application, there's a disconnect between that construction and the disclosure of the prior art reference. In other words, there's no reasonable basis to conclude that based on that construction that the prior art disclosure didn't meet that. And why the board came to the conclusion is just, it's indecipherable from the decision. So it's not clear what construction they applied. If they applied the adopted construction, there's no basis to find the art didn't apply. If the art didn't apply, it's an indication that some other construction may have been applied. Ultimately, you just can't tell from the final written decision, and that's one of the fundamental problems. OK. Thank you, Mr. Gyser. Mr. Gyser. Thank you, Your Honor. A few quick points. First, Section 120 does not foreclose incorporation by reference. If the document being incorporated provides that specific reference, then it satisfies the requirements of the statute that's exactly the same as Section 112. The government's... The language of the two statutes is different. I disagree, Your Honor. Section 112 says that the specification shall contain a written description in such clear, concise, exact terms. If you incorporate documents by reference, you can do that even if all that's in the actual specification is saying, I incorporate this other document by reference. It's still containing. It's using the same word, contain. And the question is, what does it contain? And so I don't think there's any material distinction between those two things. There's certainly no textual restriction in Rule 1.57. It does not limit on its face any use of incorporation by reference, so long as you're incorporating a document that's approved in Subsection C or Subsection D. But the 838 doesn't have the incorporation language you mean. You want us to say that even if you incorporate the 838 by reference, and it doesn't have the priority language, that then we're supposed to go back and see whatever the 838 incorporated by reference, and keep going back the chain, right? Our contention is that once we incorporated the 838 patent by reference, and that appears as if it were explicitly written into the text of the 115 patent itself, and it was uncontested below, this is page 14 of the board's decision, that the 838 patent, had it been written, had it been mechanically reproduced in the application, it would have satisfied priority. So the question is, is there anything in Rule 1. But it wouldn't have under the government's theory, because it, too, backs the specific reference. The government is incorrect on that, Your Honor. First, that was twice forfeited. It wasn't raised below. It wasn't raised in the opening brief. So the question of whether it's forfeited is just address the merits of it. I mean, the language of the 838 is essentially the same, isn't it? No, Your Honor. The 838 patent, first of all, the government's contention is that they're focusing on one paragraph of the 838 patent that references under, that references the 917 application. They're ignoring the language in the 838 patent that also references the 745 patent, which is what completes the chain, which is presumably why the board below, and they're pretty good at this, looked at the 838 patent and said it wouldn't. But the point is that even if someone looked at the 838, that doesn't end the search. They've got to go beyond that and search other patents to figure out what the priority is. No, Your Honor. The 838 patent itself references the 745 patent and the 917 application completing the chain. So if you do incorporate the 838 patent by reference and you've satisfied every link of 120 in exactly the kind of particular terms that Section 120 and Rule 1.78 requires. My last point, if the court may, I don't think the government has a good answer for how this is different than Section 112. The government suggested that the difference is that Rule 1.57 lists the requirements of 112. Of course, if the statutory language precludes the use of incorporation by reference, then it doesn't matter what the regulation lists. It precludes it. So the question is, does the rule authorize incorporation by reference? Okay. I think we're out of time, Mr. Geiser. Thank you. Thank you, Your Honor. Thank all counsel. The case is submitted.